Filed 9/17/25  P. v. Foley CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C102946 |
| Plaintiff and Respondent, | (Super. Ct. No. 24CR3419301) |
| v. | |
| DONALD ALEXANDER FOLEY, JR., | |
| Defendant and Appellant. | |

Appointed counsel for defendant Donald Alexander Foley, Jr., has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding no arguable errors that would result in a disposition more favorable to him, we will affirm the judgment.

1

BACKGROUND

In June 2024, Foley, who had previously been convicted of several felonies, was found unlawfully in possession of a firearm. He was charged with being a felon in possession of a firearm (Pen. Code, § 29800, subd. (a)(1)—count I),[1] unlawful possession of ammunition (§ 30305, subd. (a)(1)—count II), and possession of metal knuckles (§ 21810—count III). There were also several circumstances in aggravation alleged.

In exchange for Foley's plea of no contest to being a felon in possession of a firearm, the parties stipulated he would be placed on two years of formal probation and, as a condition of probation, would serve time on home confinement on electronic monitoring. The home confinement was ordered in lieu of 180 days in county jail, because of Foley's medical conditions. The parties also agreed to the terms and conditions of probation. Foley pled no contest to being a felon in possession of a firearm and admitted the prior convictions. Pursuant to the prosecution's motion, the trial court dismissed the remaining counts in the interest of justice.

In accordance with the plea, the trial court granted Foley two years of probation and placed him on electronic monitoring home confinement for 180 days with one day of credit.[2] The court also imposed a $300 restitution fine (§ 1202.4), an identical probation revocation fine (§ 1202.44) stayed pending successful completion of probation, a $40 court security fee (§ 1465.8), and a $30 conviction assessment fee (Gov. Code, § 70373, subd. (a)(1)).

---

[1] Undesignated statutory references are to the Penal Code.

[2] The January 9, 2025 judgment/sentence order indicates Foley was committed to serve 180 days in county jail, with probation to determine his eligibility for alternative sentencing and a notation the trial court recommended electronic monitoring. On January 14, 2025, the trial court ordered the jail commitment stricken and ordered Foley placed on electronic monitoring home confinement for 180 days with one day of credit.

Foley filed a timely notice of appeal in January 2025. The trial court denied his request for a certificate of probable cause. (§ 1237.5.) His *Wende* brief was filed in June 2025, and this case became fully briefed on July 16, 2025.

## DISCUSSION

Foley's appointed counsel has asked this court to conduct an independent review of the record to determine whether there are any arguable issues on appeal. (*People v. Wende*, *supra*, 25 Cal.3d 436.) Foley was advised by counsel of his right to file a supplemental brief within 30 days from the date the opening brief was filed. We have not received any communication from Foley. We have undertaken an examination of the record and conclude there is no arguable error that would result in a disposition more favorable to him.

## DISPOSITION

The judgment is affirmed.

/s/
_____
BOULWARE EURIE, J.

We concur:


/s/
_____
MAURO, Acting P. J.


/s/
_____
MESIWALA, J.